## Silver, Appellant, *v.* Zoning Board of Adjustment.

Argued January 12, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Otto Kraus, Jr.,* with him *Harry M. Berkowitz,* for appellant.

*Matthew W. Bullock, Jr.,* Assistant City Solicitor, with him *James L. Stern,* Deputy City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellees.

*I. I. Jamison,* with him *Folz, Bard, Kamsler, Goodis & Greenfield,* for intervening appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 14, 1955:

The appeal is from an order of the Court of Common Pleas of Philadelphia County affirming a decision of the Zoning Board of Adjustment. The Board refused to grant a use registration permit for the maintenance of a billboard or sign previously erected without such permit. The question presented to the Board was its power to grant an *exception.* The proceeding before the court was whether or not the billboard was a non-accessory use. The court dismissed the appeal without prejudice to appellant to apply to the Board for a *variance.* A rule to show cause why a church

across the street from the sign should not be allowed to intervene was made absolute.

The plaintiff-appellant is an operator of a paint store located at 3001 Kensington Avenue, in the City of Philadelphia, where it is zoned "A" Commercial District. On October 26, 1953, the appellant leased premises 2902 Kensington Avenue, one block from his place of business, for advertising purposes. The leased premises consisted of a vacant lot and a small metal shack which had not been used for several years. The shack is adjacent to the pavement facing Kensington Avenue. Shortly after making the lease the appellant erected a twelve foot high sign on the premises in front of the entire shack within the lawful limits of the building line. Advertised on the sign is "Martin Silver, Wallpaper and Paints" and there is an arrow directing prospective customers "Just one block up". Subsequently the appellant was informed by counsel that he should have procured a use permit for the erection of the sign. He immediately made application to the Zoning Board of Adjustment to "legalize" the sign.

There is no question that a zoning regulation is valid if it is necessary for the preservation of public health, safety, morals or general welfare: *Medinger Appeal,* 377 Pa. 217, 221, 104 A. 2d 118. The regulation of billboards is generally accepted as a legitimate exercise of the police power by a zoning board: *Liggett's Petition,* 291 Pa. 109, 139 A. 619; McQuillin, *Municipal Corporations,* (3rd Ed.) Vol. 7, sec. 24.380. It is argued that the case of *Bryan v. City of Chester,* 212 Pa. 259, 61 A. 894, controls the regulation of billboards and signs. But that case is distinguishable from the present one. There, the City of Chester passed an ordinance prohibiting the use of signs anywhere in Chester, except as they might be used in conjunction with certain businesses. As pointed out in *Liggett's Petition,*

supra, this prohibition encompassed the entire city without regard to the type of area involved and was therefore unreasonable. The Philadelphia Ordinance embodies a reasonable classification. Furthermore the Chester Ordinance was enacted prior to the legislative enabling act granting municipalities the power to establish zoning ordinances. See *Kline v. Harrisburg*, 362 Pa. 438, 449, 68 A. 2d 182. The Philadelphia Ordinance does not have this infirmity.

The pivotal question is: has Philadelphia City Council, by the adoption of the Philadelphia Zoning Ordinance, permitted the erection of billboards in districts zoned "A" Commercial? It is the contention of petitioners that it is unnecessary to have a permit to erect a sign in such a district since the zoning provisions contain no prohibition against, or regulations concerning, the erection or maintenance of signs. The City, on the other hand, argues that no sign is permitted except as an accessory use in an "A" Commercial District because the use is not specifically permitted.

The answer must necessarily depend upon the meaning of the Ordinance itself. An examination of the Zoning Ordinance reveals that only enumerated uses are permitted within any particular zone. Section 5 (3) of the Ordinance, which is a section of general application, provides: "DESIGNATED USE. In each district, only such uses and uses accessory and incidental thereto, as are hereinafter specified, will be permitted." Section 16 of the Ordinance, entitled "A" Commercial District, enacts: "The specific uses permitted in this district shall be the . . . use of . . . land for: . . ." There then follows an enumeration of thirty-eight uses. Signs are not one of the permitted uses. *Accessory* uses are permitted. Since petitioner's sign is the only use of the premises, it is a *primary*, and not an accessory, use.

Petitioner argues that the *failure to specifically prohibit the use* of a sign in the district *necessarily allows* such a use. The use of signs is specifically limited in three sections of the Ordinance [sections 7 (14), 20.4 (8) and 20.45 (8)]. From this, petitioner argues that the Ordinance was not intended to otherwise limit the use of signs on the principle of *expressio unius est exclusio alterius.* This is contrary to the intent and purpose of the Zoning Ordinance. All uses not permitted by the Ordinance are excluded by implication: *Hasley's Appeal,* 151 Pa. Superior Ct. 192, 196, 30 A. 2d 187. One of the approved uses named in Section 16, "A" Commercial District, is listed as "[t]he uses permitted in any Residential District". Signs are permitted in "A" Residential District for professional use, bulletin boards for churches or other institutions and signs advertising the sale or rent of real estate. Billboards, posters, advertising structures and window displays are designated as other than permitted uses. Signs are a permitted use, then, other than accessory, in "A" Commercial District insofar as they are limited to the above three classes. The instant sign does not fall within one of these classifications.

It is not the function of a court to substitute its discretion for that of a City Council, except where that body has manifestly abused its powers by arbitrary or confiscatory acts: *Perrin's Appeal.. Board of Adjustment's Appeal,* 305 Pa. 42, 156 A. 305; *Gratton v. Conte,* 364 Pa. 578, 584, 73 A. 2d 381. The Philadelphia Zoning Ordinance is neither. This Court must, therefore, limit its inquiry to the meaning and application of the Ordinance. The meaning of Section 16 of the Zoning Ordinance is clear—a sign is not permitted except as an accessory to a permitted use or unless it falls within one of the permitted residential uses. The sign in the present case is therefore not permissible.

Petitioner relies heavily on the fact that billboards are not specifically permitted by any section of the Ordinance. Petitioner, however, is injured only by the application of Section 16 of the Ordinance. His complaint must, therefore, limit itself to the interpretation and application of that section alone. A court should not render advisory decisions on hypothetical facts: *Ladner v. Siegel,* 294 Pa. 368, 144 A. 274; *Schoenbrun v. Nettrour,* 360 Pa. 474, 61 A. 2d 868.

The order of the court below is affirmed.