## Reichle v. Warrington Township Zoning Board of Adjustment

*William B. Moyer,* for appellant.

*Lee B. Lansberry,* for appellee.

SATTERTHWAITE, P. J., Specially Presiding, December 16, 1966.—This appeal from a decision of the Zoning Board of Adjustment of Warrington Township involves the construction and validity of section 1404 of the township's zoning ordinance relating to nonconforming signs. The specific question is whether or not, in view of the provisions of said section, appellants are entitled to relocate, re-erect and continue to maintain certain nonconforming billboards or commercial advertising signs, where their removal from pre-ordinance locations along the side of a State highway has been compelled by reason of the State's widening of the highway and condemnation of additional land therefor including such locations. The zoning officer refused a permit; the board of adjustment affirmed. The matter is now before the court on appeal by the owners of the affected land and their lessee, the commercial sign operating company; the record consists of the return of the zoning board, supplemented by a factual stipulation of counsel filed herein in lieu of a de novo hearing. The case has been argued before the court en banc on such record.

The facts are relatively simple. The premises of owners-appellants (the area and dimensions of which do not appear) front upon the eastern side of Easton Road, or Route 611, a State highway in said township. Under the original zoning ordinance of 1952, the relevant portion of said premises was classified as commercial. Pursuant to separate and respective zoning permits duly authorized thereby, and under separate and respective "leases" from owners-appellants, lessee-sign company in 1953 and 1955 erected two bill-

board-type advertising signs abutting and facing said Route 611, and thereafter maintained same for profit with general advertising copy thereon not related to the subject premises. Each sign was five feet by 10 feet in size, but the nature of the materials comprising same and the manner of construction thereof do not appear.

Lessee-sign company continued to use these billboards in their original locations for commercial sign purposes down to the latter part of the year 1962. In the meantime, in 1960, the township enacted an amended or revised zoning ordinance, pursuant to which the subject land was reclassified as part of an R-3 residential district. Under the regulations for the latter, signs would be a permitted use only when erected and maintained in accordance with the provisions of article XIV, and the only presently material (or even arguably applicable) clauses of article XIV which would now permit billboard-type signs in residential districts are those of Section 1404:

"Section 1404. Non-Conforming Signs. Any sign, billboard, sign board or advertising device existing at the time of the passage of this Ordinance that does not conform in use, location, height, or size, with the regulations of the District in which such sign is located, shall be considered a non-conforming use and may continue in such use in its present location until replacement or rebuilding becomes necessary, at which time a Zoning Permit will be required and the sign brought into conformity with this Ordinance".

On November 15, 1962, lessee-sign company was notified by the Pennsylvania Department of Highways to remove said billboards from their continuing original location, same being within the recently condemned additional width of the right of way of Route 611. Shortly thereafter, said signs, then "in good condition and without material or structural alteration

since originally erected", were "relocated and re-erected upon the land of appellants Reichle at a point east of the new highway right of way". Subsequently, application for permits for the signs in the new locations was made to and refused by the zoning officer. The zoning board of adjustment affirmed on April 10, 1963, and the within appeal to this court followed.

The decision of the board must be affirmed. Maintenance of the signs in their relocated positions is not sanctioned by section 1404. No provision is made in the ordinance for any special exception; nor is a variance authorized by applicable legal standards. Under the circumstances, the prohibitory aspects of the ordinance as affected by section 1404 are not unconstitutional in the instant context.

There can be little doubt as to the significance and e f f e c t of the quoted provisions of section 1404. Whether or not the removal of the signs to their new locations amounted to a "replacement" (that word being confined, according to appellants, to the concept of a substitutionary restoration or renewal, as contrasted with a change of location or position), the "re-erection" thereof (in the language of the stipulation) certainly constituted a "rebuilding" which had become "necessary". Moreover, and in any event, the sole permissive authority whatsoever for nonconforming signs would exist only so long as there would be continued compliance with the overall condition of section 1404 that the same remain in their "present [1960] location". Since the within signs were necessarily rebuilt, even if not "replaced", and since they could not be maintained in their pre-ordinance sites, and since the only possible ordinance authority for their continued existence after 1960 was the therefore inapplicable permissive allowance of section 1404, it follows that their present restoration or reinstatement is prohibited. All uses not permitted by a zoning

ordinance, at least one of the nature and format here involved, are excluded whether or not they are expressly banned: Silver v. Zoning Board of Adjustment, 381 Pa. 41 (1955); Sinkler, Inc. v. Upper Southampton Zoning Board of Adjustment, 12 Bucks 553 (1962).

Appellants' alternative contentions before the board that a special exception or a variance should be allowed are also without merit. No provision of the ordinance to which our attention has been called or which we have been able to find authorizes the former. No circumstances appear in the record to justify the latter. No inference is permissible of any unusual and unreasonable impact of the ordinance upon this particular property; nor is any factual basis presented which would permit a finding of legally sufficient unnecessary hardship. The absence of either of these factors precludes the grant of a variance: McClure Appeal, 415 Pa. 285, 288 (1964), and authorities cited.

Nor is there any sound basis for appellants' final position that the board's interpretation and application of the ordinance provisions would render same unconstitutional. Were the billboards in question proposed as *new* structures in 1962, the prohibition of such commercial, non-accessory uses in residential districts would undoubtedly be sustained: Silver v. Zoning Board of Adjustment, supra; Landau Advertising Co., Inc. v. Zoning Board of Adjustment, 387 Pa. 552 (1957). Since the signs cannot be maintained (for reasons totally apart from the zoning ordinance) in their former locations, the within requests for permission to move them must necessarily be regarded as new applications in legal contemplation.

This is not a case where the zoning regulations themselves would propose to eliminate lawful, pre-existing and still continuing nonconforming uses; such provisions would be of doubtful constitutional-

ity: compare Concord Township v. Cornogg, 9 D. & C. 2d 79 (1956). Rather, it involves a situation where the ordinance, while specifically tolerating the continued existence of an "out-of-step" activity so long as it remained unchanged, would nevertheless preclude same upon any significant alteration or modification thereof. The distinction is justified and sustainable. In principle, the considerations involved are precisely the same as those applied in Hanna v. Board of Adjustment, 408 Pa. 306 (1962), wherein the Supreme Court sustained the validity, against similar arguments, of an ordinance provision prohibiting the continuance or change in a nonconforming use (even if to a higher classification) where structural alterations were involved. While that case was concerned with a change in *use*, rather than in *location*, the underlying rationale, expressed in 408 Pa. at 312-13, would be equally applicable here:

"A basic purpose of zoning is to ensure an orderly physical development of the city, borough, township or other community by confining particular uses of property to certain defined areas. With such a purpose nonconforming uses are inconsistent. *Molnar v. G. B. Henne & Co., Inc.*, 377 Pa. 571, 581, 105 A. 2d 325. The continuance of nonconforming uses under zoning ordinances is countenanced because it avoids the imposition of a hardship upon the property owner and because the refusal of the continuance of a nonconforming use would be of doubtful constitutionality. Even though zoning ordinances permit the continuance of nonconforming uses, it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses. Nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which should be reduced to conformity as speedily as is compatible

with the law and the Constitution. The fact that a new contemplated nonconforming use of the property is no more detrimental or less objectionable than the existing use is of no consequence: *Williams Appeal*, 174 Pa. Superior Ct. 570, 580, 102 A. 2d 186".

If any interference with vested constitutional rights be thought to have arisen in the situation presented by the within case, the responsibility therefor lay with the condemning authority which took the land and necessitated the removal (and, hence, the loss of nonconforming status) of the subject billboards. The significance and effect of zoning regulations upon the subject matter of a highway or other condemnation, and the impact thereof upon the compensation to be paid by the body so exercising the power of eminent domain, are matters which properly could and should have been considered in appropriate proceedings to determine and award such compensation. See Sgarlat v. Kingston Borough Board of Adjustment, 407 Pa. 324, 329 (1962); compare Snyder v. Commonwealth, 412 Pa. 15, 19 (1963).

### ORDER

And now, December 16, 1966, for the reasons stated in the foregoing opinion, the within appeal is hereby denied, refused and dismissed, and the decision of the zoning board of adjustment is hereby affirmed.