## Patrick Outdoor Media, Inc. v.
## Edwardsville Borough

*James J. Gillotti, Michael D. Bart,* for appellant.
*Charles P. Gelso,* for appellee.

BROMINSKI, *J.,* March 30, 1983—This matter comes before the court upon the appeal of Patrick Outdoor Media, Inc., from a decision of the Council of the Borough of Edwardsville rejecting a challenge to the validity of the Borough's Zoning Ordinance, which challenge was coupled with a request for a curative amendment. The amendment, if permitted, would allow the advertising surface of any sign panel to encompass up to 300 square feet in "C-1", "C-2" and "I" Districts, with not more than four panels (or two double-faced panels) on the same structure or standard.

In its Notice of Appeal, appellant alleges, inter alia, that it is the lessee of premises situate in a com-

mercial zone along Route 11 in Edwardsville Borough owned by one Brian McHugh; that under Section 5.852A of the Edwardsville Zoning Code, no outdoor advertising sign may have a gross surface, including both sides, of more than 100 square feet in any of the districts in the Borough in which signs are permitted, including commercial districts; and that Borough Council has committed an error of law in denying its application, because the ordinance represents a de facto exclusion of outdoor advertising from the community, inasmuch as the standard size of outdoor advertising signs is 300 square feet.

No additional evidence has been presented to this Court. Therefore, the scope of our review is to determine whether Borough Council has abused its discretion or committed an error of law in denying appellant's request. Robin Corp. v. Board of Supervisors of Lower Paxton Twp., 17 Pa. Commw. 386, 332 A.2d (841) 1976.

The general principles of law relating to challenges to a zoning ordinance are well established. In this regard, a zoning ordinance is presumed to be valid and constitutional, and anyone challenging it has the heavy burden of proving otherwise. But, if the challenger proves a total prohibition of an otherwise lawful use, the burden then shifts over to the municipality to prove that such prohibition bears a relationship to the public health, safety, morals and general welfare. Ellick v. Board of Supervisors of Worcester Township, 17 Pa. Commw 404, 333 A.2d 239 (1975). Further, the regulation of billboards is generally accepted as a legitimate exercise of the police power. Silver v. Zoning Board of Adjustment, 381 Pa. 41, 112 A.2d 84 (1955).

The ordinance does not literally exclude outdoor advertising signs as a lawful use within the borough, since sec. 5.852(a) permits such signs. How-

ever, their gross area is limited to 100 square feet. The crucial issue before us, therefore, is whether the ordinance, by placing the aforementioned size limitation on outdoor signs, indirectly eliminates all outdoor advertising within the Borough, because the limitation so placed is less than the industry's standard size, as alleged by appellant. We conclude that it does not.

In order to attempt to establish a standard size for signs within the outdoor advertising industry, appellant offered the testimony of the President, Gerard P. Joyce. He testified, in essence, that there are two standard sizes of signs in the industry, viz., 300 square feet (12 feet by 25 feet) and 672 square feet (14 feet by 48 feet). He further testified that advertising copy sent to appellant by national advertisers is pre-made to fit the 12 feet by 25 feet poster panels, and that he never receives advertising copy for signs whose surface is 100 square feet or less. On examination by the Borough's counsel, he admitted that there are some "grandfather" (6 feet by 12 feet) signs near a drive-in on Route 11, but that he hadn't observed any newly erected signs of that size.

Stephen Nalepa, a member of the borough planning commission and zoning Board testified, however, that there are quite a few signs 100 square feet or less in size in the area of the Narrows and Gateway Shopping Centers.

The cases relied upon by appellant are readily distinguishable. In both Norate Corporation, Inc. v. Zoning Board of Adjustment, 417 Pa. 397 207 A.2d 890 (1965), and Daikeler v. Zoning Board of Montgomery Township, 1 Pa. Commw. 445, 275 A.2d 696 (1971), the ordinances were struck down as invalid, because in each instance there were blanket exclusions of advertising activity throughout the municipalities. Such is not the case before us. In

Shrewsbury Township v. Glatfelter, 87 York L. R. 41, an ordinance which prohibited throughout the municipality all signs whose surface area exceeded 200 square feet was declared to be invalid. However, in that case the parties stipulated that all outdoor advertising signs exceed 200 square feet. No such stipulation was entered into in the instant matter and, obviously, council chose not to rely upon the testimony of appellant's officer. In Creative Displays, Inc. v. Township of Lower Macungie Zoning Hearing Board, Court of Common Pleas of Lehigh County, No. 81-C-4592, the court dealt with an application to increase the size of a non-conforming outdoor advertising sign under an ordinance, unlike the one now before us, which permitted only temporary signs which had to be removed within one week.

No case has been cited to this court, nor are we aware of any, under the circumstances here involved, which is authority for the proposition that a municipality acts in a discriminatory or confiscatory manner through the use of its ordinance where it refuses to be bound by size limitations on outdoor signs which a billboard provider chooses to specify, as appellant contends. On the other hand, it has been held that manufacturers of advertising material, by fixing the size of the material they produce, cannot thereby compel the municipality to amend their zoning regulations to accommodate such advertising material. See Marshall Auto Company, Inc. Appeal, 57 D. & C. 2d 373 (1973), involving an application for variance.

Consequently, in view of the foregoing we conclude that borough council has commited no error of law in denying appellant's challenge and request. Specifically, council has committed no error in finding that appellant has failed to prove a de facto ex-

clusion of outdoor advertising in the borough, thereby preventing a shift of the burden of proof to the borough to show that the ordinance bears a relationship to the health, safety, morals and welfare of its inhabitants. Moreover, we conclude that appellant has not overcome, through competent and sufficient evidence, the strong presumption that the ordinance is valid and constitutional.

Lastly, we find no abuse of discretion on the part of the Borough Council. Both the Luzerne County Planning Commission and the Edwardsville Borough Planning Commission have made recommendations, as required by law, both of which are part of the record in this matter, that the ordinance not be amended. In this regard, the following analysis made by the Luzerne County Planning Commission, is especially compelling:

"From an analysis of Edwardsville Borough with only one major arterial highway (Rt. 11) and the fact that its highest posted speed limit is 30 miles per hour, we do not see the necessity for larger signs in order to ease highway visibility. Also, the nature of the dense residential environment of the entire municipality would seem to lend itself to limiting the size of billboards. We also feel that billboards are allowed by your ordinance and that your size restriction does not prohibit them within your municipality."

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that the appeal of Patrick Outdoor Media, Inc., is denied and dismissed.