**Frank LEX, Appellant,**

**v.**

**ZONING HEARING BOARD OF HAMPTON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.

Decided Feb. 19, 1999.

---

Samuel J. Pasquarelli, Pittsburgh, for appellant.

James R. Mall, Pittsburgh, for appellee.

Before COLINS, President Judge, FLAHERTY, J.(P.), and JIULIANTE, Senior Judge.

COLINS, President Judge.

Frank Lex (Landowner) appeals an order of the Court of Common Pleas of Allegheny County (trial court) affirming the Hampton Township Zoning Hearing Board's (Board) decision relating to Landowner's practice of housing racing pigeons on his property. We affirm.

Landowner's property is located in a Residential B(RB) District in Hampton Township, Allegheny County. Pursuant to Article 8 of the Hampton Township Zoning Ordinance (Ordinance), Zoning Ordinance 398 enacted August 22, 1989, there are certain permitted uses allowed in a RB District. Generally, these permitted uses include single family dwellings, parks and playgrounds, private garages, and minor residential related structures. Landowner obtained a permit to construct a shed on his property, which is a permitted use in a RB district. Thereafter, Landowner built a shed in compliance with all municipal construction requirements (e.g., ground cover, height, and setback requirements).

Landowner began using the shed to house racing pigeons. The Township cited Landowner for violation of the Ordinance and sought removal of the pigeons through an enforcement action dated December 30, 1996. Landowner appealed the enforcement action to the Board, and argued that housing racing pigeons was a permitted use in a RB District and that the provisions of the Hampton Township Zoning Ordinance were superseded by a state statute addressing carrier pigeon permits.[1]

▆▆▆ The Board dismissed Landowner's appeal, finding that the keeping of pigeons is not a permitted use in a RB District. The Board declined to address Landowner's second argument, as it believed that it was not empowered to decide whether the Ordinance was superseded by the state statute. Landowner appealed the Board's determination, and the trial court affirmed, adopting the reasoning of the Board. This appeal by Landowner ensued.[2]

Landowner raises two issues on appeal: 1) whether the Board erred in finding that the housing of racing pigeons is not a permitted use within a RB District, and 2) whether the Ordinance is superseded by a state statute, which mandates the issuance of a pigeon permit to Landowner. We answer both in the negative.

▆▆▆ First, Landowner argues that the Board erred in determining that the housing of racing pigeons is not a permitted use within a RB District. In zoning terminology, the term "permitted use" generally refers to those uses allowed absolutely and unconditionally. *Kossman v. Zoning Hearing Board*

---

1. The statute in question here is the Act of June 29, 1965, P.L. 149, *as amended,* 53 P.S. § 3952. The relevant sections state:

   (a) The department of any municipality (excluding cities of the first class), township or county shall issue a carrier pigeon permit to the owner of any carrier pigeons who complies with the following requirements:

   . . . .

   (3) The construction of the loft complies with the building code regulations and zoning requirements of the municipality (excluding cities of the first class), township or county in which it is erected.

2. Where, as is the case here, the trial court has taken no additional evidence, our scope of review

is limited to a determination of whether the Board committed an error of law or abused its discretion. *Bell Atlantic Mobile Systems, Inc. v. Borough of Baldwin,* 677 A.2d 363 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied,* 548 Pa. 620, 693 A.2d 590 (1997). The Board abuses its discretion when its findings of fact are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 555, 462 A.2d at 640.

*of the Borough of Green Tree,* 143 Pa. Cmwlth. 107, 597 A.2d 1274 (1991). Section 5.092 of the Ordinance states that a permitted use is "an activity which is expressly allowed to occur on a property because of the property's location in a particular zoning district." Where a local ordinance enumerates permitted uses, all uses not expressly permitted are excluded by implication. *Silver v. Zoning Board of Adjustment,* 381 Pa. 41, 112 A.2d 84 (1955); See also, *Bevans v. Township of Hilltown,* 72 Pa.Cmwlth. 227, 457 A.2d 977 (1983) (stating that unless use is expressly permitted, it is prohibited). The raising or housing of pigeons is clearly not among the enumerated permitted uses within a RB District. We are aware that we must give the landowner the benefit of the interpretation least restrictive to his use and enjoyment of his property. *Bevans,* 72 Pa. Cmwlth. 227, 457 A.2d 977 (1983). However, none of the enumerated permitted uses within a RB District even approach Landowner's suggested use of raising and housing pigeons. Therefore, we conclude that the Board did not abuse its discretion or commit an error of law in its interpretation of the ordinance or its conclusion that the housing of racing pigeons is not a permitted use within an RB District.

■ Additionally, Landowner contends that the Ordinance is superseded by a state statute which mandates the issuance of a carrier pigeon permit. In support of this argument, Landowner directs the Court's attention to *Printz v. Springfield Township,* 55 Del.Co. 344 (1968).[3] In *Printz,* the Court of Common Pleas of Delaware County, under similar facts to the case at hand, found that a local zoning ordinance was in fact superseded by the statute. The *Printz* court held that the issuance of a pigeon permit was mandatory where claimant had met the criteria identified by the statute. However, the *Printz* court was constrained to decide the case according to the statute prior to its being amended by the Legislature.

Subsequent to the statute's original enactment on June 29, 1965, the Legislature amended it in 1967 by specifically adding language that required conformance with local zoning ordinances as a requirement for the issuance of a permit.[4] The statute was amended to correct the result reached in *Printz,* which allowed a pigeon coop in violation of a local zoning ordinance. The *Printz* court alluded to the fact that its decision would have been different if decided under the amended statute:

> [I]n this area, we do not make the law; we administer it and it seems clear that what happened here is that an organized group of racing pigeon fanciers prevailed upon the legislature of 1965 to pass the original Act upon which this action is based, and as we have pointed out above, ineptly written though it was, it exempted lofts from zoning control ... we are cognizant of the fact that **pigeons in an urban community are a nuisance per se** and any zoning law which sought to regulate the areas in which pigeons might be kept would meet favorably with us.

*Printz,* 55 Del.Co. at 350 (emphasis added). The court continued, "The Legislature, in its wisdom amended the Act of 1965 to specifically provide that pigeon cotes are subject to zoning regulation." *Id.* at 351.

As such, the statute now requires compliance with local zoning ordinances and Landowner's argument here is of no moment. The statute was specifically amended to prohibit that which Landowner believes he is entitled to do, i.e., maintain a pigeon coop in violation of the local zoning ordinance.

Accordingly, the order of the Court of Common Pleas is affirmed.

### ORDER

AND NOW, this 19th day of February, 1999, the order of the Court of Common

---

**3.** While the *Printz* decision clearly is not binding on this Court, it is certainly relevant, as it is the only case to construe the Statute and its interplay with a local zoning ordinance.

**4.** See Footnote No. 1.

Pleas of Allegheny County in the above-captioned matter is affirmed.